IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE A. ROGERS-CARTER,<br><br>  Plaintiff,<br><br>v.<br><br>MIDWEST ANESTHESIA PROVIDERS, LLC, and ACCOUNT RESOLUTION SERVICES, LLC,<br><br>  Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-04642<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Stephanie A. Rogers-Carter ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of Defendants, Midwest Anesthesia Providers, LLC ("Midwest"), and Account Resolution Services, LLC, ("ARS")(collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Midwest Anesthesia Providers violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1, and Account Resolution Services violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff lives in the Northern District of Illinois, Defendants conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

5. Plaintiff is a natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

6. Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3).

7. Midwest Anesthesia Providers is a healthcare provider who offers anesthesia to patients in the state of Illinois.

8. Account Resolution Services is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Account Resolution Services' principal place of business is located at 1642 N. Harrison Parkway Building H, Suite 100, Sunrise, Florida 33323.

**FACTS SUPPORTING CAUSE OF ACTION**

10. Prior to the events giving rise, on June 27, 2018, Plaintiff had a medical procedure administrated by Midwest Anesthesia Providers.

11. Upon information and belief, Midwest Anesthesia Providers submitted Plaintiff's claim to her insurance company, Blue Cross Blue Shield of Illinois, 61 days after the medical procedure was administered.

12. Based on Blue Cross Blue Shield of Illinois' plan, medical providers have 60 days to submit a claim following the medial procedure.

13. Since Midwest Anesthesia Providers submitted Plaintiff's claim 61 days after the procedure. Blue Cross Blue Shield of Illinois denied Plaintiff's claim to cover the costs and expenses of the medical procedure ("subject debt").

14. As a result, in October 2019, Plaintiff began receiving collection calls from Account Resolution Services in regards to the subject debt.

15. Plaintiff explained to Defendant that she does not owe the debt and that her insurance company should have covered her medical procedure.

16. Account Resolution Services denied Plaintiff's pleas and insisted she owes the subject debt without properly investigating the origins of the subject debt with its predecessor, Midwest.

17. Account Resolution Services erroneously began reporting on Plaintiff's credit files that she was in collections and past-due on the subject debt.

## DAMAGES

18. Defendant's actions of failing to timely submit Plaintiff's medical costs and expenses to her health insurance provider and then placing the debt they effectively created into collections has severely disrupted her daily life and general well-being.

19. Plaintiff was unduly inconvenienced by Defendant's unlawful attempts of failing to timely submit the Plaintiff's claim to her health insurance provider.

20. Plaintiff has expended time and money consulting with attorneys because of Midwest Anesthesia Providers unfairly creating a debt by failing to properly and effectively deliver medical costs and expenses to Plaintiff's health insurance provider.

21. Account Resolution Services illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, confusion, emotional distress, anxiety, and loss of concentration.

22. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Account Resolution Services to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
(AGAINST MIDWEST ANESTHESIA PROVIDERS)

23. Plaintiff restates and reallages paragraphs 1 through 22 as through fully set forth herein.

24. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

25. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

26. Midwest Anesthesia Providers is engaged in commerce in the state of Illinois with regard to Plaintiff and the subject debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

27. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its failure to timely submit a claim to Plaintiff's health insurance provider.

    a. **Unfairness and Deception**

28. It was unfair and deceptive for Defendant to submit a claim to Plaintiff's health insurance provider, Blue Cross Blue Shield of Illinois, 61-days after the medical procedure had been administered. Plaintiff's policy provides that all claims must be submitted within 60-days of the medical procedure.

29. It was unfair and deceptive for Defendant to not notify Plaintiff's health insurance provider of the medical procedure they administered, 60-days from the medical procedure.

30. It was unfair and deceptive for Defendant to submit a claim to Plaintiff's health insurance provider untimely and then placing the subject debt, they effectively created, to a debt collector.

31. Defendant's unfair conduct is against public policy because it created the false impression that Midwest Anesthesia Providers is handling your medical expenses properly while the patient is recovering from their medical procedure.

32. Upon information and belief, Defendant systematically misleads consumers in Illinois to aggressively collect debts to increase its profitability at the consumers' expense.

33. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

34. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

35. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of the Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to Defendant's illegal conduct.

**WHEREFORE**, Plaintiff STEPHANIE A. ROGERS-CARTER, requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at trial;
   c. Award Plaintiff her punitive damages in an amount to be determined at trial;
   d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST ACCOUNT RESOLUTION SERVICES)

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

38. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

39. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

40. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant used the phone and mail to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

42. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

43. Defendant violated 15 U.S.C. §§1692f and f(1) through its unlawful debt collection practices on a debt that should have never bought by Defendant.

    **a. Violations of FDCPA §1692f**

44. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on the subject debt after it knew or should've known that Plaintiff was covered by insurance and did not owe the subject debt. The subject debt was created through the mishandling of the original creditor when they failed to timely submit a claim to Plaintiff's health insurance provider.

45. Defendant had enough information to know the debt should have never been in collections as the only reason it was placed there was because the original creditor failed to timely submit Plaintiff's claims to her health insurance provider. Nevertheless, Defendant failed to properly

6

disengage from contacting Plaintiff and continued to collect on a debt Plaintiff is not responsible for.

46. Through its actions, Defendant knew that its conduct was misleading and fraudulent to Plaintiff the debt should have never been put in collections.

47. As an experienced debt collector, Defendant knew or should have known the ramifications of contacting a consumer to collect on a debt that they are not responsible for and was created because of the original creditors mishandling.

48. Upon information and belief, Defendant systematically attempted to collect debts through unfair conduct and has no procedures in place to assure compliance with the FDCPA.

49. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff STEPHANIE A. ROGERS-CARTER, respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Enjoin Defendant for further contacting Plaintiff;
    c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: August 30, 2021            Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
mdaher@sulaimanlaw.com